FILED
2015 Jun-29  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CORRIE COLLINS DANIELS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **COMPASS BANK and TRANS** | ) | |
| **UNION, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Corrie Collins Daniels, by and through

undersigned counsel, and for her complaint states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and

attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. §1681, *et seq.*

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p,

and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C.

Page 1 of  12

§1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Corrie Collins Daniels, is over the age of nineteen (19) years and is currently a resident of the city of Douglasville, Georgia.  At the time of the incidents made the basis of this suit, she was a resident of Huntsville, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant Compass Bank (hereinafter referred to as "Compass") is a domestic corporation that engages in the business of furnishing consumer credit information to credit reporting agencies such as Defendant Trans Union, LLC.  It conducts business in this Judicial District.  Its principal place of business is in the State of Alabama and it is incorporated in Alabama.

4. Defendant Trans Union, LLC (hereinafter "Trans Union") is a Delaware Corporation that has a principal place of business in Illinois.  Trans Union does and has at all pertinent times done business in this Judicial District.

5. Trans Union is a nationwide consumer reporting agency as that term

is defined by 15 U.S.C. §1681a(f).

6.      Upon information and belief, Defendant Trans Union is regularly
        engaged in the business of assembling, evaluating and disbursing
        information concerning consumers, such as Plaintiff, for the purpose
        of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to
        third parties.

7.      Upon information and belief Trans Union disburses consumer reports
        to third parties for monetary compensation.

8.      A substantial portion of the events herein occurred in this judicial
        district.

## STATEMENT OF FACTS

### *Background*

9.      At some time prior to the events made the basis of this lawsuit,
        Plaintiff applied for and received a line of credit with Defendant
        Compass.

10.     Upon information and belief, on or prior to October 4, 2014, Compass
        reported that Plaintiff's payment on the account was thirty (30) days
        late.

11.     Plaintiff's account with Compass was not thirty days late or otherwise

delinquent.

12.     Plaintiff contacted Compass about the inaccurate delinquency on her credit report.  As a result, on or about October 23, 2014, Compass's agent or employee Susie McNutt wrote Plaintiff a letter stating that an electronic request was made to the credit reporting agencies to show the account with no delinquency.  Upon information and belief, Compass then simultaneously reported Plaintiff's account as being closed due to Chapter 7 Bankruptcy.

13.     On or about October 28, 2014, Plaintiff learned that Defendant Trans Union was reporting Plaintiff's Compass account as being in Chapter 7 bankruptcy.

14.     Plaintiff has never filed for Chapter 7 bankruptcy protection or for bankruptcy protection of any kind.

15.     On or about December 8, 2014, Plaintiff disputed the bankruptcy notation appearing on her Trans Union report for the Compass account tradeline and requested reinvestigation.

16.     Neither Trans Union nor Compass responded to the December 8, 2014 dispute and request for reinvestigation.

17.     On December 14, 2014, Plaintiff received notice that the credit limit

on her Sam's Club/Synchrony Bank Mastercard was being lowered.

18.    Plaintiff continued to dispute the bankruptcy notation appearing on her Trans Union report for the Compass account tradeline via telephone and in writing with no result.

19.    On or about February 3, 2015, Plaintiff wrote to Trans Union again disputing the bankruptcy notation appearing on her Trans Union report for the Compass account trade line.  Plaintiff called Trans Union on February 3, 2015 as well and was given a confirmation number by Trans Union of 335369989 and was told that the dispute would be investigated.

20.    Trans Union reinvestigated the Plaintiff's dispute and reported the results of its reinvestigation to the Plaintiff on or about February 25, 2015.

21.    Trans Union did not remove or correct the bankruptcy notation appearing on Plaintiff's Trans Union report for the Compass account tradeline.

22.    Upon receipt of Trans Union's February 25, 2015 letter, Plaintiff called Trans Union to again dispute the bankruptcy notation appearing on her Trans Union report for the Compass account

tradeline.  Trans Union's employee or agent who handled Plaintiff's call requested supporting documents and stated that Trans Union would investigate the dispute again.

23.  Trans Union, on or about March 7, 2015, sent Plaintiff a letter with the results of this additional reinvestigation of her dispute.

24.  As a result of this additional reinvestigation, Trans Union again did not correct or remove the erroneous bankruptcy notation appearing on the Compass Bank tradeline for Plaintiff's credit report.

25.  For reasons unknown to the Plaintiff, the bankruptcy notation appearing on her Trans Union report for the Compass account tradeline was removed sometime in April or May 2015.

26.  The inaccurate information published by Trans Union and Compass negatively reflected on Plaintiff, her financial responsibility as a debtor and her credit worthiness.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681 et seq. AS TO DEFENDANT TRANS UNION

27.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

Page 6 of  12

28.   Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

29.   Trans Union's intentional refusals to conduct reinvestigations violated 15 U.S.C. § 1681i(a)(1)(A).

30.   Trans Union violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to Compass; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

31.   As a result of this wrongful conduct, action and inaction of Trans Union, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

32.   Trans Union's refusal to perform a reinvestigation and its subsequent

conduct were both willful, rendering it liable for punitive damages in

an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

In the alternative, Trans Union was negligent, entitling the Plaintiff to

recover under 15 U.S.C. § 1681o.

33.   The Plaintiff is entitled to recover costs and attorney's fees from

Trans Union in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681 et seq. AS TO DEFENDANT COMPASS

34.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

35.   Compass violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-

2(b) by continuing to publish to Trans Union inaccurate information

regarding a bankruptcy; by failing to fully and properly investigate

the Plaintiff's dispute of the representation of a bankruptcy; by failing

to review or consider all relevant information regarding same; by

failing to accurately respond to Trans Union; by failing to correctly

report results of an accurate investigation to all credit reporting

agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Compass representations to the consumer reporting agencies.

36.   After receiving notification from Trans Union about Plaintiff's disputed account, Compass did not contact any third parties other than Trans Union when investigating Plaintiff's dispute.  Further, Compass verified the alleged bankruptcy to Trans Union in response to each dispute it received from Trans Union.

37.   As a result of Compass's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

38.   Compass's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Compass was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

39.   The Plaintiff is entitled to recover costs and attorney's fees from

Compass in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n and §1681o.

## COUNT FOUR
## DEFAMATION

40.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

41.   Compass intentionally and falsely represented that Plaintiff had filed

bankruptcy through Trans Union to all of Plaintiff's potential and

current lenders.

42.   Said false representations made by Compass were injurious to

Plaintiff's reputation and creditworthiness in the community.

43.   Said false representations made by Compass were not privileged and

were not consented to by Plaintiff.

44.   Compass's defamation of Plaintiff was willful and with malice.

Compass did not have any reasonable basis to believe that the

Plaintiff filed for bankruptcy.  It also had substantial evidence by

which to have verified that the Plaintiff had never sought bankruptcy

protection.

45.   Compass willfully determined to follow procedures which did not

review, confirm or verify whether or not its customers, such as the Plaintiff, filed bankruptcy or not.

46.     Wherefore, Plaintiff seeks judgment in his favor against Compass for compensatory and punitive damages in such sums as the jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary.

<u>**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**</u>


                                    /s/ *W. Whitney Seals*
                                    W. WHITNEY SEALS,
                                    Attorney for Plaintiff


**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**

Mrs. Corrie Collins Daniels
3210 Brantingham Road
Douglasville, GA 30135

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**COMPASS BANK**
c/o B. Shane Clanton
15 South 20th Street, Ste. 1802
Birmingham, AL 35233

**TRANS UNION, L.L.C.**
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, AL 36104